NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2723
_____

OMAR ALEXANDER CASTILLO-PONCE,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.  A088-649-274)
Immigration Judge:  Miriam K. Mills

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 23, 2020

Before: CHAGARES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*

(Opinion filed:  January 8, 2021)
_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Omar Alexander Castillo-Ponce petitions this Court to review the Board of Immigration Appeals' decision to deny his motion to reopen. We will deny the petition in part and dismiss it in part.

Castillo-Ponce filed a motion in 2018 requesting that the Board reopen proceedings and consider his argument that, although it summarily denied his application for withholding of removal in 2015, he can now show prima facie eligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A)-(D).[1] He claims he is able to demonstrate at least ten-years continuous physical presence in the United States because a 2018 Supreme Court decision prevents the government from applying the stop-time rule in his case. *See Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *Pereira* impacts his request for cancellation, he contends, because the 2008 Notice to Appear he received did not have the initial hearing date or time. Nonetheless, the Board denied Castillo-Ponce's untimely motion to reopen because he failed to provide evidence to support his prima facie eligibility for cancellation.[2] It also concluded that Castillo-Ponce did not demonstrate any exceptional circumstances to warrant sua sponte reopening.

---

[1] The prima facie elements for cancellation of removal for a nonpermanent resident are: physically present in the U.S. for at least 10 years, good moral character, not convicted for offenses specified in the statute, and the nonpermanent resident's "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." § 1229b(b)(1)(A)–(D).

[2] Castillo-Ponce filed the motion on September 19, 2018, far beyond the ninety-day filing period. *See* 8 C.F.R. § 1003.2(c)(2)-(3). But the Board set aside the untimeliness of the motion in its analysis of his motion. As a result, we do not address Castillo-Ponce's equitable tolling argument.

We have jurisdiction to review the Board's decision to deny a motion to reopen for failure to establish a prima facie case under 8 U.S.C. § 1252(a)(1). We review it for abuse of discretion. *See Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002). Because we are convinced that the Board did not abuse its discretion by ruling that Castillo-Ponce failed to meet his evidentiary burden on the hardship prong of prima facie eligibility (8 U.S.C. § 1229b(b)(1)(D)), we will not reach his argument on the impact of *Pereira* to his case.

The record shows that Castillo-Ponce submitted the Application for Cancellation of Removal form with his motion, and he checked a box indicating that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. He also provided the names and dates of birth of two children as his family. But, crucially, he did not submit official documents (such as official birth certificates) to establish their identity as his children and as U.S. citizens. Moreover, for employment he wrote: "Self Employed Castillo Pizza" and "Easton, PA." AR 34. But beyond stating that he is employed at "PRESENT" he provides nothing further—no financial or business records—to give the Board an understanding of any potential economic repercussions to qualifying relatives that would result from his removal. *Id.* Similarly, referring to Honduras, he states that "country conditions are exceedingly dangerous." AR 35. But this is a conclusory statement that does not meet his burden of showing an ability to prove the level of hardship required for cancellation.[3] We conclude from all of this that

---

[3] Castillo-Ponce refers us to the country condition reports included in his 2008 asylum application. But a motion to reopen must be premised on "new facts" that will be proven

3

the Board did not abuse its discretion in ruling that Castillo-Ponce failed to show a reasonable likelihood of being able to demonstrate eligibility for relief in reopened proceedings.

Finally, Castillo-Ponce does not even mention the Board's decision to deny reopening proceedings sua sponte, and so he has forfeited any challenge to it. Therefore, we will dismiss the petition in part because, without any colorable legal or constitutional question raised, we lack jurisdiction to review this denial. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 650-653 (3d Cir. 2017).

For all of these reasons, we will deny in part and dismiss in part the petition for review.

---

at a hearing and considered with the existing record. § 1003.2(c)(1). Counsel's statements and observations on hardships, in Castillo-Ponce's brief, cannot be regarded as supporting evidence.